*Filed in Open Court*
*FMT 9/7/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| v. | : | Criminal Action No. 05-24-SLR |
| BERNARD NOWAKOWSKI, | : | |
| Defendant. | : | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Beth Moskow-Schnoll, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Bernard Nowakowski, by and through his attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant, Bernard Nowakowski, agrees to plead guilty to Counts One through Five of the Indictment. Each count charges the defendant with interstate transportation of stolen securities in violation of 18 U.S.C. § 2314 and carries a maximum penalty of 10 years imprisonment, 3 years supervised release, a $250,000 fine, and a $100 special assessment.

2. The defendant understands that if there were a trial, the government would have to prove the following elements with respect to each count of the Indictment: (a) the security described in the Indictment was stolen, converted, or taken by fraud; (b) the security described in the Indictment had a value of at least $5,000; (c) after the security was stolen, converted, or taken by fraud, the defendant caused it to be transported from one state to another state; and (d) at the

time the defendant caused the security to be transported, the defendant knew that it had been stolen, converted, or taken by fraud.

3. The defendant knowingly, voluntarily, and intelligently admits the following facts: (a) between on or about November 14, 1997, and on or about May 24, 2004, he deposited into his own bank account 358 checks totaling $471,581.51 that had been submitted by his employer's customers to his employer; (b) he stole and converted each of the checks from his employer; (c) each of the checks described in Counts One through Five of the Indictment had a value of at least $5,000; (d) after he stole and converted each check, he caused each check to be transported from one state to another state for processing; and (e) at the time he caused each check to be transported, he knew that each check had been stolen and converted from his employer.

4. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The parties hereby agree that U.S.S.G. § 2B1.1 is applicable to the offense to which the defendant is pleading guilty and further agree and stipulate that the value of the stolen securities, including relevant conduct pursuant to U.S.S.G. § 1B1.3, was $471,581.51. The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. Finally, the defendant understands that the Court may reject any sentencing guideline calculation and/or recommendation contained in this paragraph and that such rejection will not provide a basis for the defendant to attempt to withdraw his guilty plea.

5. The defendant agrees to pay the $500 special assessments at the time of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

6. Provided that the United States Attorney does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to a three level reduction under USSG §3E1.1(b) based on the defendant's conduct to date.

7. The parties reserve the right to defend the probation officer's findings at the sentencing hearing and to defend the sentencing court's rulings at any subsequent proceedings, including any appeal. The parties realize that the Court is not bound by any stipulations reached by the parties. The defendant understands and agrees that if the Court decides not to follow any stipulation or recommendation in this Memorandum of Plea Agreement, or if the defendant does not receive the benefits he expects from any such stipulation or recommendation, the defendant may not withdraw his guilty plea.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and

have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

 

*[signature]*  
Bernard Nowakowski  
Defendant

*[signature]*  
Christopher Koyste  
Attorney for Defendant

Dated: 9-7-05

COLM F. CONNOLLY  
United States Attorney

BY: *[signature]*  
Beth Moskow-Schnoll  
Assistant United States Attorney

 

AND NOW, this 7th day of September, 2005, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

*[signature]*  
HONORABLE SUE L. ROBINSON  
Chief United States District Court Judge